UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE TALON GROUP, LLC, a Washington Corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>CHILEAN SEAFOOD EXCHANGE, INC., a Florida Corporation,<br><br>     Defendant.<br>_____<br>CHILEAN SEAFOOD EXCHANGE, INC., a Florida Corporation,<br><br>     Counter Plaintiff,<br><br>  v.<br><br>THE TALON GROUP, LLC, a Washington Corporation,<br><br>     Counter Defendant. | CASE NO. C06-0393-JCC<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 27), Defendant's Opposition thereto (Dkt. No. 33), and Plaintiff's Reply (Dkt. No. 35). Having carefully considered all the relevant submissions and determining that oral argument is not necessary, the Court hereby rules as follows.

**I. BACKGROUND AND FACTS**

Plaintiff Talon Group is a buyer and seller of fish products. Defendant Chilean Seafood Exchange

ORDER – 1

is a company that buys and sells fish. Prior to entering into a business relationship with one another, the parties entered into a Confidentiality Agreement in which Plaintiff agreed, among other things, not to solicit Defendant's customers for a specified period of time. (Decl. of Jean-Sebastien Gros in Support of Def.'s Opp'n 2 (Dkt. No. 34).)

In early 2006, Defendant received information that led it to believe that Plaintiff was soliciting one of Defendant's customers, Ryan's Restaurant Group Inc. (*Id.* at 3-4.) As a result, Defendant told Plaintiff that it was in violation of the Confidentiality Agreement and that it would withhold payment on the outstanding invoices of $381,357.75 plus interest. (*Id.* at 5; Decl. of Todd Shaw in Support of Pl.'s Mot. 1-2 (Dkt. No. 28).) Plaintiff eventually sued Defendant to recover the unpaid invoices. Defendant counterclaimed for $920,015.00 in damages resulting from the alleged breach of confidentiality.

Now, Plaintiff moves for summary judgment on its claim alone. (Pl.'s Mot. 1-2.) Defendant does not dispute that it owes $381,357.75. (Def.'s Opp'n 8.) Rather, Defendant argues that the amount Defendant owes should be subtracted from the damages it seeks under the counterclaim under the doctrine of setoff or recoupment. (*Id.* at 8-12.)

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

ORDER – 2

*Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250.

**III.   ANALYSIS**

There is no dispute that Defendant owes Plaintiff $381,357.75. Defendant clearly states: "CSX [Chilean Seafood Exchange] does not deny that it received the salmon products that are the subject of the invoices upon which Talon makes its claims. CSX further does not deny that it withheld payment for those products based upon its rights to offset the amounts due and owing to Talon by the amounts Talon owes CSX for breaching the agreement." (Def.'s Opp'n 8.) Thus, there is no genuine issue of material fact as to whether Defendant owes $381,357.75 for Plaintiff's claim. The only remaining issue is whether Defendant may withstand summary judgment pending resolution of the counterclaim under the doctrines of recoupment and setoff.

Before discussing the particulars of setoff and recoupment, it is first important to identify the relevant agreements in dispute and the corresponding law that governs them. First, the parties are in agreement that this matter involves two different contracts. Defendant's Opposition states: "Talon fails to point out that CSX's counterclaim is not under the same contract and invoices that Talon is suing on, but rather CSX's counterclaim for setoff is under the [Confidentiality] Agreement that Talon breached." (Def.'s Opp'n.12.) Plaintiff similarly contends that the contracts are two agreements that are "separate and apart" from one another, and even goes so far to argue that the "confidentiality agreement []was no longer even in force between the parties" when Defendant refused to pay the relevant invoices. (Pl.'s Mot. 5.) Thus, the parties are in agreement that the claim and the counterclaim are the subject of two separate contracts.

Despite Defendant's assertion to the contrary, both of these contracts are governed by Article 2 of the Uniform Commercial Code ("UCC"). Defendant asserts—without any justification or legal

ORDER – 3

citation—that the Confidentiality Agreement is governed by Washington common law and the purchase-sale agreement is governed by the UCC. However, fish sale contracts are covered under Article 2 of the UCC. *Alaska Indep. Fishermen's Mktg. Ass'n v. New England Fish Co.*, 548 P.2d 348, 350 (Wash. Ct. App. 1976). As the Confidentiality Agreement solely deals with sales of fish, this Court holds that the Confidentiality Agreement clearly falls under Article 2. *See* Wash. Rev. Code § 62A2-102. Even if the Confidentiality Agreement was a mixed goods-services contract, the predominant purpose of the agreement was to effectuate the sale of goods, meaning that the UCC would still govern under Washington law. *See Tacoma Athletic Club, Inc. v. Indoor Comfort Sys., Inc.*, 902 P.2d 175, 179 (Wash. Ct. App. 1995.) Thus, the UCC applies to both contracts in this dispute.

Section 2-717 of the UCC, which provides the closest UCC approximation for setoff or recoupment,[1] states that "[t]he buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the *same contract*." Wash. Rev. Code § 62A.2-717 (emphasis added). Accordingly, the very terms of § 2-717 dictate that this provision of the UCC is inapplicable in this case because it requires that any deduction be taken from the same contract. As there is no other applicable provision of the UCC that supports Defendant's claim of setoff or recoupment, *see AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), the question becomes whether any doctrine under Washington common law can fill that role.

Although there is no case directly on point from Washington, courts interpreting other states' UCCs have held that § 2-717 preempts any common law claims for setoff or recoupment. *Id.*; *Carlisle Syntec Sys. Div. v. Uresco Constr. Materials*, 823 F. Supp. 271, 275 (D. Pa. 1993). These courts reason

---

[1] Although the parties refer to this as a setoff provision, the statute appears closer to what is generally known as recoupment. *ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 71 & n.3 (1st Cir. 2006) (noting that the terms setoff and recoupment "are not always used with precision, practice varies from place to place and time to time, and the doctrines have been much affected by statutes").

ORDER – 4

that "because the UCC specifically provides for set-offs in particular circumstances . . . we must conclude that the Code drafters, and the state legislatures that have adopted the Code, meant to displace common law set-off. *AmerisourceBergen Corp.* 465 F.3d at 951 (internal quotations and citations omitted) (quoting *Carlisle Syntec*, 823 F. Supp. at 275). Accordingly, this Court holds that any common law setoff or recoupment claims are preempted under Washington law. Thus, Defendant's claims of recoupment and setoff fail.

As no party has yet moved for an entry of final judgment and Defendant's counterclaim is still unresolved, the Court will not enter final judgment at this time.

### III.  CONCLUSION

Defendant's Motion for Summary Judgment as to its claim for $381,357.75 plus interest is hereby GRANTED.

SO ORDERED this 21st day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 5